IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| BONNIE OLIVARES, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:18-CV-892-RP |
| LULING CARE NURSING OPERATIONS, LLC d/b/a LULING CARE CENTER, LULING CARE CENTER EMPLOYEE SAFETY PROGRAM BENEFIT PLAN, and EMPLOYMENT RISK SYSTEMS, INC., | § § § § § § § | |
| Defendants. | § § | |

**ORDER**

Plaintiff Bonnie Olivares ("Olivares") filed her first amended complaint in this case on March 18, 2019. (Dkt. 24). Defendant Employment Risk Systems ("ERS") moved for summary judgment as to Olivares's claims against it on April 8, 2019. (Dkt. 27). Olivares's response to ERS's motion was due on April 22. *See* W.D. Tex. Loc. R. CV-7(e)(2). Olivares did not file a response.

On April 18, Olivares's counsel requested the first extension of time to respond to the motion because "personal matters and the demands of other cases ma[de] it impossible to meet the present deadline." (Dkt. 30, at 1). The motion was unopposed, and the Court granted it. Olivares's response became due on May 13. On May 17, after the deadline had passed, Olivares sought a second extension of time, this time for "[f]amily obligations and the press of other business." (Dkt. 32, at 2). As this motion was also unopposed, the Court granted it too; Olivares's deadline was extended to May 20. Olivares then moved for a third extension of time on the day her response was due. (Dkt. 33). This time, Olivares requested the extension because "Plaintiff and ERS are engaged in serious talks which, if successful, will render moot any need for Plaintiff to respond to the ERS Motion." (*Id.* at 1). This motion was also unopposed, and the Court granted it.

1

At this point, Olivares's response was due on May 31. Yet again, Olivares did not meet her deadline. She filed her fourth motion for extension of time on May 31, this time indicating that she and ERS had "come to an agreement" for the "complete resolution and dismissal of this part of the case" but "need[ed] more time to finalize the documents involved." (Dkt. 34, at 1–2). She anticipated that the required documents would be finalized by June 14. (*Id.* at 2). The Court permitted Olivares yet another extension of time to respond to ERS's summary judgment motion but indicated that no further extensions of time would be granted. On June 14, Olivares did not dismiss her claims against ERS. Instead, she sought a fifth extension of time. (Dkt. 35). The reason for this latest extension was a "catastrophic computer failure" on June 2—twelve days before Olivares's response was due and two days after her counsel indicated that the finalized documents were supposed to be sent to Olivares. (*Id.* at 1–2). The Court denied Olivares's motion. (Dkt. 36).

On June 21, Defendants Luling Care Nursing Operations, LLC, and Luling Care Center Employee Safety Benefit Plan (collectively, "the Luling Defendants"), filed a motion for summary judgment as to Olivares's claims against them. (Dkt. 37). Olivares's deadline to respond to that motion was July 5. *See* W.D. Tex. Loc. R. CV-7(e)(2). She moved to extend this deadline, too, because of the July 4 holiday and counsel's planned trip over the holiday weekend. (Dkt. 39, at 2). The Court noted that this was Olivares's sixth motion for an extension of time in this case and that she had requested an extension of time to respond to every opposed motion filed in this litigation. (Dkt. 40, at 2). However, because of the holiday and the fact that the motion was unopposed, the Court granted Olivares an extension through July 10. (*Id.*). The Court warned Olivares, however, that it would grant her no further extensions of time to respond to the Luling Defendants' motion. (*Id.*).

July 10 passed with no response from Olivares. Instead, the next day, and despite the Court's warning, she filed her seventh motion for an extension of time. (Dkt. 43). The reason for this

2

extension was Olivares's counsel "ha[d] been unable to function, over the past few days, in response to" a family crisis. (*Id.* at 2). The Luling Defendants responded that Olivares "had ample time to respond to the MSJ before" counsel's crisis arose. (Dkt. 44). The Court agrees.

Federal courts have the authority to dismiss a complaint for failure to prosecute. *Link v. Wabash R. Co.*, 370 U.S. 626, 633 (1962); Fed. R. Civ. P. 41(b) (permitting a court to dismiss an action if the plaintiff "fails to prosecute or to comply with . . . a court order"). Dismissal with prejudice is appropriate if there is a "clear record of delay or contumacious conduct by the plaintiff" and if "lesser sanctions would not serve the best interests of justice." *Callip v. Harris Cty. Child Welfare Dep't*, 757 F.2d 1513, 1519 (5th Cir. 1985) (internal quotation marks and citation omitted). "A district court may dismiss *sua sponte*, with or without notice to the parties." *Rogers v. Kroger Co.*, 669 F.2d 317, 319 (5th Cir. 1982).

This action has been pending for over a year. Throughout this time, Olivares has sought an extension of time—seven in total—to respond to *every* opposed motion filed in this case. She has sought these extensions even after the Court has warned her—twice—that no further extensions would be granted. The Court therefore finds that there is a clear record of delay that justifies dismissing this action for want of prosecution. Accordingly, **IT IS ORDERED** that Olivares's claims against the Luling Defendants in this action are **DISMISSED WITH PREJUDICE**.

**SIGNED** on July 18, 2019.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE